# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hesla, | Civil No.: 13cv2485 (DWF/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The Goodman Group, and Hennepin County Medical Center, | |
| Defendants. | |

Plaintiff filed an application for leave to proceed *in forma pauperis*, ("IFP"). (Docket No. 2.) Plaintiff seeks IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would

have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Here, Plaintiff attempts sue Hennepin County Medical Center, and a Defendant identified as "The Goodman Group," which apparently is Plaintiff's landlord, or former landlord. Plaintiff's complaint describes a host of disparate incidents that allegedly have occurred during the past ten to fifteen years. Plaintiff's description of these incidents is confusing, and many of the incidents seem quite bizarre. More importantly though, it is not clear how the named Defendants supposedly were involved in these incidents. Plaintiff has not described what Defendants themselves actually did (or failed to do) during the course of the incidents described in his complaint, which allegedly violated his legal rights under some specific statute or legal doctrine. The complaint mentions several statutes, but it does not show how Defendants supposedly violated Plaintiff's legal rights under any of those statutes.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint does not describe any specific acts or omissions by any named Defendant that could entitle Plaintiff to any relief under any legal theory. Thus, the Court finds that, even with the liberal construction that is required in *pro se* cases, (*Atkinson*, 91 F.3d at 1129, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*)), Plaintiff's current complaint fails to state a cause of action on which relief may be granted. Because Plaintiff has failed to plead an actionable claim for relief, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 24, 2013

*s/Steven E Rau*
Steven E. Rau
U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 8, 2013** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.